UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 30 2011 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA,

– against –

JEHANGIR KHALID,

Defendant.

09-CR-734

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On November 2, 2009, Jehangir Khalid pled guilty to a single-count indictment, which charged that between March 2003 and November 2004, the defendant structured financial transactions with a check cashing facility known to the government by breaking amounts of currency in excess of $100,000 into amounts of less than $10,000, in violation of 31 U.S.C. § 5324(a)(3) and (d)(3).

Khalid was sentenced on December 13, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be nineteen and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between thirty and thirty-seven months. The calculation of the total offense level included a three-point reduction for acceptance of responsibility. The offense carried a maximum term of imprisonment of ten years. 31 U.S.C. § 5324(d)(2). The guidelines range for the fine was from $6,000 to $60,000.

Khalid was sentenced to five years of probation. A $100 special assessment was imposed. A fine of $6,000 was imposed, with no interest if the fine is paid in full within one year.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Structuring financial transactions to avoid taxation is a serious offense. It is out-of-keeping with Khalid's otherwise law-abiding and responsible life. Defendant is a citizen of Pakistan and a legal permanent resident of the United States. He has been continuously employed since he first came to this country in 1984. Currently, he owns several businesses, including a construction business, restaurant, and grocery store, and employs over a dozen people. With his income, he supports his elderly parents, his wife and five children, and other family members, all of whom live in Pakistan. A sentence of five years of probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in structuring financial transactions will result in a substantial fine and lengthy government supervision. Specific deterrence is achieved through the impact of this felony conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his responsibility for supporting his family in Pakistan.

Jack B. Weinstein
Senior United States District Judge

Dated: December 13, 2011
Brooklyn, New York